IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JULIE RASCON,

    Plaintiff,

v.

QWEST CORPORATION,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Julie Rascon, by and through her attorneys, Karp Neu Hanlon, P.C., and for a complaint against the Defendant alleges and avers the following:

1. Jurisdiction is proper under 28 U.S.C. 1331; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended (hereinafter the "ADA").

2. Plaintiff is a resident and domiciliary of Grand Junction, Colorado, a qualified individual with a disability, and within the category of individuals protected by the ADA.

3. Defendant Qwest Corporation is a corporation doing business in the district and state of Colorado, is a wholly owned subsidiary of CenturyLink, and is an "employer" as defined by the ADA.

4. Plaintiff was a twelve year employee of Defendant until her termination on April 8, 2011, and was last employed in the position of credit consultant.

5. Plaintiff injured her back in 2008 and returned to work full time in January 2009. In August 2009, Plaintiff was involved in an automobile accident re-injuring her back. Due to her injuries, Plaintiff is "disabled" as that term is used in the ADA, in that she is impaired in several

major life activities.

6. Defendant was aware of Plaintiff's condition and perceived Plaintiff as disabled.

7. At the time of her termination, Plaintiff could perform the essential functions of her position either with or without a reasonable accommodation.

8. Plaintiff both requested and made Defendant aware of her need for a reasonable accommodation.

9. Defendant failed and refused to offer or provide Plaintiff with a reasonable accommodation, failed to engage in the interactive process mandated by the ADA, and terminated Plaintiff because of her existing or perceived disability and/or in retaliation for requesting a reasonable accommodation, all in violation of the ADA.

10. Plaintiff has exhausted all administrative remedies. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has timely brought this action after the EEOC issued a Notice of Right to Sue.

11. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will in the future continue to suffer, damages, losses, and injuries, including, but not limited to, loss of earning and benefits, and has suffered emotional pain, suffering, distress, humiliation, and embarrassment, a diminution in earning capacity, and other losses and injuries, all to her damage in an amount to be determined at trial.

12. Defendant's conduct, above alleged, has been willful.

13. Plaintiff is entitled to an award of damages, including punitive damages, and reasonable attorneys' fees and expenses as provided by the ADA.

### FIRST CLAIM FOR RELIEF

14. Plaintiff realleges paragraphs 1 through 13 above and incorporates same herein.

15. Defendant violated the ADA by unlawfully terminating Plaintiff on the basis of her disability or perceived disability, failing to offer or provide Plaintiff with a reasonable accommodation, and failing to engage in the interactive process mandated by the ADA.

## SECOND CLAIM FOR RELIEF

15. Plaintiff realleges paragraphs 1 through 15 above and incorporates same herein.

16. Defendant violated the ADA by retaliating against Plaintiff for engaging in activity protected by the ADA.

WHEREFORE the Plaintiff prays for judgment against the Defendant and that the Court do the following:

1. Award Plaintiff her damages, compensatory, actual, punitive and otherwise, in an amount to be determined at trial.

2. Order that Defendant reinstate Plaintiff or award her front pay and/or other appropriate injunctive relief.

3. Award Plaintiff damages for back pay, front pay, benefits, and loss of income, in an amount to be determined at trial.

4. Award Plaintiff her reasonable attorneys' fees and costs as provided by the ADA.

5. Enjoin further violations of the ADA by Defendant.

6. Award interest and expert witness fees, all as provided by law.

7. Award Plaintiff a tax enhancement award.

8. Award Plaintiff such other relief as this Court deems equitable, just, and appropriate.

PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6).

Dated this 3rd day of April 2013

KARP NEU HANLON, P.C.
Attorneys for Plaintiff

By:    /S/*James F. Fosnaught
Sander N. Karp, Reg. No. 1088
James F. Fosnaught, Reg. No. 31820
201 14th Street, Suite 200
Glenwood Springs, CO 81601
Phone: (970) 945-2261
Facsimile: (970) 945-7336
snk@mountainlawfirm.com
jff@mountainlawfirm.com

Address of Plaintiff:

3185 F½ Road
Grand Junction, CO 81504